# APPEALS OF EZRA Z. EATON, CHARLES F. EATON, AND MALCOLM H. EATON.

Docket Nos. 2684, 2685, 2686.   Submitted May 6, 1925.   Decided September 7, 1925.

*Lothrop Withington, Esq.*, for the taxpayers.
*Robert A. Littleton, Esq.*, for the Commissioner

Before IVINS, MARQUETTE, and MORRIS.

These appeals are from determinations by the Commissioner of deficiencies in income taxes against the above-named taxpayers for the year 1921 in the respective amounts of $5,944.68, $5,946.75, and $5,342.85. The additional tax in each appeal arises from the same state of facts and the appeals were consolidated for hearing. From the evidence presented the Board makes the following

### FINDINGS OF FACT.

The taxpayers are copartners conducting a restaurant business at Boston, Mass., under the firm name of Thompson's Spa, each owning a one-third interest in said partnership.

The partnership used in its business certain machinery and kitchen equipment which was carried on its books in the year in question at the amount of $92,747.46. This amount was the result of depreciation taken annually at the rate of 10 per cent upon a declining balance and represented the depreciated value of the property upon that basis. In its return for the year 1921 the partnership deducted depreciation at the rate of 10 per cent and of the amount deducted the Commissioner disallowed the sum of $3,754.10 and computed the depreciation at the rate of 5 per cent. The machinery consisted of circulating pumps, air compressors, electric slides, fans, generators, backing pumps, electric beaters, dish machines, and glass machines. The kitchen equipment consisted of ovens, kitchen tables, dicers, mixers, kettles, ranges, and miscellaneous pots and pans. Some of the articles had a useful life of over 10 years, while others had a life of less than 10 years, and the average percentage of depreciation over a 10-year period on the declining balance basis is approximately 6½ per cent on cost and is a reasonable allowance for wear and tear of the property in question.

During the year the partnership replaced a telephone system which had been used in its business for a number of years with a new system at a cost in excess of $15,000. The existing system had reached its capacity so that new phones could not be added and it was necessary, due to expansion of the business, to tear out the old system, although it operated satisfactorily. It had no value in the market and could

not be disposed of to anyone due to the fact that parts could not be obtained, as the manufacture of this particular system had ceased. The partnership deducted $7,740 in its return as an expense in installing the new system, such amount being the taxpayer's estimated value of the old system. The deduction was disallowed and it now claims that amount as obsolescence of the old system.

The partnership expended $2,700 in restoring a cigar counter and deducted the amount as expense. Of this amount $2,000 was disallowed by the Commissioner. The counter had settled at one end due to the weakness of the floor and was about to collapse. The marble was taken out and an iron framework was installed inside the counter after which the marble was replaced. The Commissioner restored to the income of each of the individuals one-third of the amounts disallowed. Each of the taxpayers deducted $6,941.33 in his return for the year on account of the Massachusetts inheritance tax. They now admit such deductions to have been erroneous.

#### DECISION.

The deficiency determined by the Commissioner is disallowed in part. The tax should be computed by allowing depreciation on machinery and kitchen equipment of the partnership at the rate of 10 per cent on the declining balance. In other respects the action of the Commissioner is approved. The amount of the deficiency will be settled on consent or on 15 days' notice, under Rule 50.

ARUNDELL not participating.